UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES LEE MALENA, #267290, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | NO. 3:05-CV-0183-B | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**FINDINGS AND CONCLUSIONS**

**Type Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner James Lee Malena ("Malena" or "Petitioner") is confined at the Wynne Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) at Huntsville, Texas. Respondent is the Director of TDCJ-CID.

**Statement of the Case:** Petitioner plead not guilty to the offense of burglary of a vehicle, habitual, and was sentenced to life imprisonment in cause number F-77-1252-IK. His conviction was affirmed on appeal. *Malena v. State*, No. 56, 933 (Tex. Crim. App. Dec. 7, 1977).

1

Malena filed his first habeas application pursuant to Tex. Code Crim. Proc. art. 11.07 on June 19, 1978. It was denied without written order on September 4, 1978. *Ex Parte Malena*, Appl. No. 7359, filed Jun. 19, 1978 at cover. Petitioner filed his second art. 11.07 application on August 16, 1978 alleging that he was denied the right to review his transcript after his appellate attorney filed a frivolous appeal. On November 2, 1978, he was bench warranted for the purpose of reading his transcript and granted an out of time appeal to the Texas Court of Criminal Appeals. *Ex Parte Malena,* Appl. No. 7359, filed Aug. 16, 1978 at 32. Malena filed his third art. 11.07 application on December 15, 1980, which was denied without written order on March 4, 1981. *Ex Parte Malena,* Appl. No. 7359, filed Dec. 15, 1980 at cover. Petitioner filed his fourth art. 11.07 application on May 25, 1982. It was denied without written order on June 9, 1982. *Ex Parte Malena*, Appl. No. 7359, filed May 25, 1982 at cover. Malena filed his fifth art. 11.07 application on January 25, 1983. It was denied with written order[1] on April 6, 1983. *Ex Parte Malena*, Appl. No. 7359, filed Jan. 25, 1983 at cover. Petitioner filed his sixth art. 11.07 application on November 13, 1985. It was denied for abuse of the writ on December 16, 1985. *Ex Parte Malena*, Appl. No. 7,359-06 at 10.

Malena filed his first federal habeas petition reflected on the record on February 22, 1994. It was dismissed as a successive petition pursuant to rule 9(b) of the rules governing §2254 cases. *Malena v. Collins*, No. 3:94-CV-0352-D (N.D. Tex. Dec. 8, 1994).

---

[1]Although the decision reflects that Petitioner's application was denied with written order, none appears in the file. *See Ex Parte Malena*, Appl. No. 7359, filed Jan. 25, 1983.

Petitioner filed his seventh art. 11.07 application on May 19, 1995. It was denied on September 23, 1995 without written order on the findings of the trial court without a hearing. *Ex Parte Malena*, Writ No. 7,357-07 at cover.

Malena filed his second federal habeas petition challenging the revocation of his parole on December 18, 1995. It was denied on the merits on July 28, 1998. *Malena v. Director TDCJ*, No. 3:95-CV-3100-P (N.D. Tex. Jul. 28, 1998).

Petitioner filed his eighth art. 11.07 application on December 23, 1988. It was denied without written order on the findings of the trial court without a hearing on February 17, 1999. *Ex Parte Malena*, Appl. No. 7,359-08 at cover.

Malena filed his third federal habeas petition on March 15, 1999. It was dismissed in part and denied in part on August 18, 1999. *Malena v. Johnson*, No. 3:99-CV-0548-T (N.D. Tex. Aug. 18, 1999). Petitioner was denied a certificate of appealability ("COA") by the district court on October 1, 1999. He was denied a COA by the Fifth Circuit on December 6, 1999. *Malena v. Johnson*, No. 99-11001 (5th Cir. Dec. 6, 1999).

Malena filed his ninth art. 11.07 application on October 3, 2002. It was denied without written order on the findings of the trial court without a hearing on November 27, 2002. *Ex Parte Malena*, Appl. No. 7,359-09 at cover.

Petitioner filed his fourth federal habeas petition on December 16, 2002. It was denied on August 6, 2003. *Malena v. Cockrell*, No. 3:02-CV-2686-R (N.D. Tex. Aug. 6, 2003).

Malena filed his tenth art. 11.07 application on August 13, 2004. It was dismissed pursuant to art. 11.07 §4 on September 29, 2004. *Ex Parte Malena*, Appl. No. 7,359-10 at cover.

Petitioner filed the instant petition on January 24, 2005. Respondent filed his answer along with a copy of the state court record on May 24, 2005. Malena filed what he styles as his reply, his amended reply, and his second amended reply on June 2, 2005.

**Findings and Conclusions:**

In his first ground for relief, Petitioner contends that he was denied a jury trial at the punishment phase of his trial. This claim is subject to the screening provisions set out in 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). That section provides that a second or successive habeas petition pursuant to § 2254 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court. *See In re Epps*, 127 F.3d 364 (5th Cir.1997); *see also In re Tolliver*, 97 F.3d 89, 90 (5th Cir.1996)(addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255). In *Felker v. Turpin*, 518 U.S. 651, 663-64, 116 S.Ct. 2333 (1996), the Supreme Court observed that the amendments to § 2244 "simply transfer from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by ... Rule 9(b)."

The facts underlying the claim at issue in this petition occurred at Petitioner's trial and predated the filing of his earlier federal habeas petitions. This claim was thus available to Petitioner when he filed his earlier federal petitions. *United States v. Orozco-Ramirez*, 211 F.3d 862, 866-871 (5th Cir. 2000). It is, therefore, "second or

successive" under the AEDPA. *See In re Cain*, 137 F.3d 234, 235 (5th Cir.1998) (a subsequent petition is second or successive when it "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition, or otherwise constitutes an abuse of the writ.").

Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the present petition, this court lacks jurisdiction to consider the same. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Therefore, this ground should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

In his second ground for relief, Malena alleges that the Texas Parole Board unlawfully denied him parole on August 17, 2004 in violation of Fifth Amendment Due Process rights and Fourteenth Amendment Equal Protection rights. Contrary to Petitioner's contention, "[i]t is … axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *see also Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995); *Orellan v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Gilbertson v. Texas Board of Parole and Pardons*, 993 F.2d 74 (5th Cir. 1993); and *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991). As to Petitioner's Equal Protection challenge, Malena complains that he has

5

been treated differently from violent offenders. However, he has failed to allege that the Board of Pardons and Parole has " created two or more classifications of similarly situated prisoners that were treated differently." *Stefanoff v. Hays County, Tex.*, 154 F.3d 523, 526 (5th Cir. 1998). Therefore he has failed to state a ground upon which relief could be granted.

**RECOMMENDATION:**

For the foregoing reasons it is recommended that the District Court dismiss Petitioner's claim regarding his underlying conviction without prejudice to his right to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A) and deny Petitioner's claim regarding his denial of parole.

A copy of this recommendation shall be transmitted to the Petitioner and to counsel for Respondent.

**SIGNED** this <u>11th</u> day of July, 2005.

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

### NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.